#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CISSY N. FISHER, as Guardian of CHRISTOPHER FISHER, | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. 14-CV-678-TCK-PJC<br>) |
| STANLEY GLANZ, SHERIFF OF TULSA COUNTY, in his individual and official capacities; CORRECTIONAL HEALTHCARE COMPANIES, INC., a foreign corporation; SARA MORATAYA, in her individual and official capacities; ANDREW ADUSEI, M.D.; DANIEL HUDSON, L.P.N.; AMY WELKER, L.P.N., CYNTHIA FAIRCHILD, L.P.N.; and KAREN METCALF, L.P.N.; | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

#### OPINION AND ORDER

Before the Court is Plaintiff's Re-Urged Motion for Certification of Interlocutory Appeal Per FRCP 54(b) (Doc. 56), wherein Plaintiff seeks certification of this Court's dismissal of Defendants Correctional Healthcare Companies, Inc. ("CHC") and Andrew Adusei ("Adusei"). CHC and Adusei have not responded to the motion. Defendant Stanley Glanz objects to the motion.

**I.      Background**

On January 12, 2016, the Court dismissed state constitutional claims against Defendants Sara Morataya ("Morataya") and Stanley Glanz ("Glanz") but denied their motion to dismiss as to other claims. The Court dismissed all claims against CHC, Adusei, and dismissed *sua sponte* all claims against Defendants Daniel Hudson, Amy Welker, Cynthia Fairchild, and Karen Metcalf.

On February 9, 2016, Plaintiff filed a motion for certification of interlocutory appeal (Doc. 43), seeking certification of (1) the Court's dismissal of CHC, Adusei, Hudson, Welker, Fairchild, and Metcalf, and (2) the Court's dismissal of the state constitutional claims against Glanz and Morataya. Originally, Defendants Glanz and Morataya objected to certification. Defendants CHC and Adusei did not respond to the motion for certification. Defendants Hudson, Welker, Fairchild, and Metcalf have not yet entered appearances and also did not respond.

On March 9, 2016, while the motion for certification was pending, Plaintiff and Defendants Glanz and Morataya filed a Joint Stipulation of Dismissal of all claims against Morataya and the state constitutional claim against Glanz. Following the stipulation, Defendant Glanz withdrew his objection to the motion for certification. In considering the motion for interlocutory appeal, the Court developed concerns about its *sua sponte* dismissal of Hudson, Welker, Fairchild, and Metcalf.

On March 24, 2016, the Court vacated its prior order and issued a new Opinion and Order (Docs. 54, 55). The only difference between the two orders is the Court's omission of the *sua sponte* dismissal of Hudson, Welker, Fairchild, and Metcalf. Because it vacated its prior order, the Court denied the motion for certification as moot without prejudice to re-urging certification of the Court's March 24, 2016 Order.

On March 25, 2016, Plaintiff filed her re-urged motion for certification (Doc. 56), seeking only certification of the Court's dismissal of CHC and Adusei. Glanz objected to certification on grounds that (1) certifying at this juncture would create a risk of duplicative appellate review, and (2) Plaintiff has not shown a special circumstance or undue hardship justifying an immediate appeal. Plaintiff filed a timely reply on April 19, 2016. Also on April 19, 2016, Plaintiff voluntarily dismissed the claims of Defendants Hudson, Welker, Fairchild, and Metcalf. (Docs. 60, 62.)

The Court permitted any Defendants to file a surreply, in light of the changes effected by Plaintiff's dismissal of Hudson, Welker, Fairchild, and Metcalf. Glanz continues to object to certification, arguing that "[s]hould the Plaintiff be able to clearly establish any constitutional rights at issue, Stanley Glanz will also be litigating the same claims that are on appeal -- the actions of the underlying healthcare providers as a defense to whether any violation of Plaintiff's constitutional rights occurred." (Glanz's Surreply 3.)

## II.  Motion for Certification

Federal Rule of Civil Procedure 54(b) provides:

> (b) Judgment on Multiple Claims or Involving Multiple Parties. When an action presents more than one claim for relief--whether as a claim, counterclaim, crossclaim, or third-party claim--or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Rule 54(b) certification is appropriate only if the district court determines (1) the order it is certifying is a final order, and (2) there is no just reason to delay review of the final order until it has conclusively ruled on all claims presented by the parties to the case. *Niemi v. Lasshofer*, 770 F.3d 1331, 1341 (10th Cir. 2014).

Generally, "trial courts should be reluctant to enter Rule 54(b) orders since the purpose of this rule is a limited one: to provide recourse for litigants when dismissal of less than all their claims will create undue hardships." *Gas-A-Car, Inc. v. Am. Petrofina. Inc.*, 484 F.2d 1102, 1105 (10th Cir. 1973). Courts must weigh Rule 54(b)'s policy of preventing piecemeal appeals against any injustice that might be inflicted due to the delay in appeal. *McKibben v. Chubb*, 840 F.2d 1525, 1528 (10th

Cir. 1988); *see also* Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, *Federal Practice & Procedure* § 2659 (4th ed. 2014) (explaining that 54(b) appeals are granted infrequently and that party seeking appeal must make "some showing . . . in order to overcome the normal rule that no appeal may be heard until the entire case has been completed"); *see also Oklahoma Tpk. Auth. v. Bruner*, 259 F.3d 1236, 1241 (10th Cir. 2001) (explaining that the rule "attempts to strike a balance between the undesirability of more than one appeal in a single action and the need for making review available in multiple-party or multiple-claim situations at a time that best serves the needs of the litigants") (internal quotations omitted).

The Court is not prepared to declare its March 24, 2016 Opinion and Order (Doc. 55) a final order as to Adusei. In reviewing the motions for certification, the Court discovered that it inadvertently ruled on Adusei's motion to dismiss (Doc. 33) prior to Plaintiff's response deadline. CHC's motion (which was filed several months earlier) contained similar arguments to Adusei's motion, and CHC's motion to dismiss was fully briefed when the Court ruled. Further, Plaintiff's allegations as to CHC and Adusei were identical, and no party has raised this procedural defect in any briefs before the Court. However, if Plaintiff wishes to raise any additional arguments not already made in response to CHC's motion to dismiss or simply to preserve its record, Plaintiff may do so by filing a response brief no later than fifteen days from entry of this Order. The Court will indicate by Order whether anything in the response brief causes it to reconsider prior rulings.

With respect to CHC, the Court assumes without deciding it has entered a "final order" for purposes of Rule 54(b). However, the Court declines to make a determination that "there is no just reason for delay." Plaintiff argues that, if this Court is ultimately reversed on appeal as to CHC and Adusei, she will have to essentially try her case a second time against these Defendants. (*See* Mot.

for Certification 4-5 ("[I]t would be unjust to force the plaintiffs to go through the burdens and expenses of discovery and trial on the limited remaining claims before being allowed to appeal the claims that have been dismissed.").)  Although Plaintiff is correct, this is not an "unjust" result.  It is simply part of the litigation process in a case involving multiple defendants.  *See Chaplaincy of Full Gospel Churches v. England*, 221 F.R.D. 255, 259 (D.D.C. 2004) ("Although the plaintiffs clearly have a strong interest in appealing the dismissed claims as soon as possible, the court cannot say that this interest outweighs the need to avoid piecemeal appeals."); *Caldwell-Baker Co. v. S. Ill. Railcar, Co.*, 209 F.R.D. 649, 650 (D. Kan. 2002) (declining to certify dismissal of some defendants' claims in a multi-defendant action because, inter alia, "plaintiffs have asserted no equitable considerations indicating an appeal of the order dismissing the claims against the remaining defendants is appropriate in this case").  Therefore, the Court finds a just reason to delay entry of judgment in this case -- namely, the interest in avoiding piecemeal appeals before all claims arising from the same nucleus of common facts have been finally decided.

**III.   Conclusion**

Plaintiff's Re-Urged Motion for Certification of Interlocutory Appeal Per FRCP 54(b) (Doc. 56) is DENIED.

Plaintiff may, if she desires, file a response to Defendant Adusei's motion to dismiss (Doc. 33) no later than fifteen days from entry of this Order.

The parties are ordered to submit a Joint Status Report no later than ten days from the date of entry of this Order.

**SO ORDERED** this 25th day of April, 2016.

_____
**TERENCE C. KERN
UNITED STATES DISTRICT JUDGE**