### IN THE UNITED STATES DISTRICT COURT FOR THE
### NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **CISSY N. FISHER, as Guardian of CHRISTOPHER FISHER,** ) ) ) | |
| **Plaintiff,** ) ) | |
| v. ) ) | **Case No. 14-CV-678-TCK-PJC** |
| **STANLEY GLANZ, SHERIFF OF TULSA COUNTY, in his Individual and Official Capacities,** ) ) ) ) ) | |
| **Defendant.** ) | |

### OPINION AND ORDER

Before the court is the Motion to Quash Plaintiff's Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action [Dkt. #80] filed by nonparty Correctional Healthcare Companies, Inc. ("CHC"). CHC seeks to quash plaintiff's subpoena, which sought production of "[a]ny and all documents in the custody of [CHC] which contain information on Dr. Andrew Adusei's employment at David L. Moss Criminal Justice Center . . . includ[ing] all documents 4 years prior to the subject incident in November 2012 and 1 year after." [Dkt. #80-1].

CHC, Adusei, and five other CHC employees were named as defendants in plaintiff's Third Amended Complaint. [Dkt. #18]. On March 24, 2016, plaintiff's claims against CHC and Adusei were dismissed with prejudice for failure to state a claim. [Dkt. #55 at 30, Dkt. #72]. Plaintiff voluntarily dismissed her claims against the four other employees. [Dkts. #47, 63].

CHC contends the subpoena seeks privileged documents which have no bearing on the remaining claims in the lawsuit, and additionally asserted that the request is vague, overly broad and unduly burdensome. Plaintiff did not respond to the motion.

Fed. R. Civ. P. 45(d)(3)(A)(iii) requires the court to quash or modify a subpoena that seeks disclosure of privileged or other protected matter, if no exception applies. According to CHC, the doctor's personnel file contains sensitive personal information such as his social security number, financial information, home address, contact information and private background check results; and proprietary, commercial information such as employment agreements, compensation arrangements, credentialing information and liability insurance applications. The Tenth Circuit has observed that "personnel files often contain sensitive personal information . . . and it is not unreasonable to be cautious about ordering their entire contents disclosed will-nilly." *Regan-Touhy v. Walgreen Co.*, 526 F.3d 641, 648 (10th Cir. 2008). Moreover, plaintiff has failed to demonstrate the relevance of the subpoenaed documents.

Accordingly, CHC's Motion to Quash [Dkt. #80] is hereby granted.

ENTERED this 18th day of August, 2016.

_____
Paul J. Cleary
United States Magistrate Judge